## Case No. 1,572.

### In re BLUM.

[2 Spr. 73.] [1]

District Court, D. Massachusetts. July, 1863.

HABEAS CORPUS — ACT CONG. 1863, CH. 81 — CONSTRUCTION — DISCHARGE OF PRISONER NOT OF WAR—WHAT COURT MAY ORDER.

Construction of U. S. Stat. 1863, c. 81, § 3 [12 Stat. 756]. What court is to make the order therein provided for, respecting the discharge of state prisoners and prisoners not of war, against whom no indictment shall be found.

[On habeas corpus. Petition by Godcho Blum for discharge from imprisonment other than as a prisoner of war. Denied.]

Philip J. Joachimsen, for petitioner.

SPRAGUE, District Judge. This is a petition for an order upon Colonel Dimmick, an officer of the United States commanding at Fort Warren, to bring before me one G. Blum, that he may be discharged under and by virtue of the third section of Stat. 1863, c. 81 (12 Stat. 756).

The petitioner, among other things, sets forth "that on or about the eleventh day of April, 1863, the said G. Blum was arrested at or in or near the city of New York, in the state of New York, and within the southern district of New York, by or under the authority of the secretary of war, and committed to close custody and confinement at Fort Lafayette, and that he was so made a prisoner otherwise than as a prisoner of war."

The petition further sets forth that a grand jury attended the circuit court of the United States for the southern district of New York from some time in April last until the first day of July present, and then terminated its session "without finding an indictment or presentment or other proceeding against him;" and that said G. Blum was transferred to Fort Warren "as soon after the adjournment of said grand jury as practicable." And it is alleged "that by reason of such removal and transfer no proceedings to obtain the liberty of said Blum can be had except in the district of Massachusetts."

The authority to make the order and discharge the prisoner, as requested, must rest wholly upon the statute above referred to, and the question that first presents itself is, By what judge is such order to be made?

The second section provides that the secretaries of state and war shall furnish to the judges of the circuit and district courts of the United States a list of certain prisoners, and that the list shall contain the names of those who reside in the respective jurisdictions of said judges, or who may be deemed by either of said secretaries to have violated any law of the United States in any of said jurisdictions. The same section further provides that "in all cases where a grand jury, having attended any of said courts having

jurisdiction in the premises, after the passage of this act, and after the furnishing of said list, as aforesaid, has terminated its session without finding an indictment or presentment, or other proceeding against any such person, it shall be the duty of the judge of said court forthwith to make an order that any such prisoner desiring a discharge from said imprisonment be brought before him to be discharged."

This order is to be made by "the judge of said court." What court? Manifestly that which immediately precedes, and which the grand jury has attended. The courts previously mentioned are, in the first place, "the circuit and district courts of the United States;" and in the next place, "the said federal courts;" and afterwards comes the provision that "in all cases where a grand jury, having attended any of said courts having jurisdiction, &c., . . . it shall be the duty of the judge of said court, &c." That is, if a grand jury shall have attended any one of the federal courts having jurisdiction, &c., then the judge of said court, that is, of the one which the grand jury has attended, is to make the order, and no other judge is authorized to do so.

The third section anticipates that the secretaries may neglect to furnish the list, and in such case makes the petition of a citizen equivalent thereto. It provides that such petitioner may "obtain and be entitled to have the said judge order to discharge such prisoner," &c.

No judge is designated by the third section except by the words "said judge," which can refer only to the judge described and specified in the second section, and that, as we have seen, is the judge of the court which the grand jury shall have attended and which had jurisdiction, &c., and no other judge is empowered to make such order.

The district judge of Massachusetts therefore is not authorized to make the order which is now requested.

It has been urged that if the judge in Massachusetts cannot make the order, the purpose of the statute will be defeated, and there will be a failure of justice, because it is said that an order made by a judge in the southern district of New York would be inoperative, the prisoner being now confined in Fort Warren.

I am not called upon to decide upon the extent of the authority of the judge in New York, nor to take it into consideration, except so far as it has been urged as a reason why I should assume power. It seems to me that there is more ground for concluding that the judge of the court in New York has power to make an effective order than that the judge here has any such authority. The statute does not require that the order shall be served by the marshal, or prescribe the manner in which the notice thereof shall be given; and it is believed that, like the writ of habeas corpus, it may be directed to

---

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]

the officer having custody of the prisoner, and that, when duly made known to him, he would be bound to obey it, although not served by the marshal. The statute expressly requires every such officer of the United States to "obey and execute" such order.

The second section requires that the list to be furnished by the secretaries shall contain "the names of all those who reside in the respective jurisdictions of said judges, or who may be deemed by the said secretaries, or either of them, to have violated any law of the United States in any of said jurisdictions." Suppose that the list adopts the second alternative, and says that the prisoner is deemed to have committed an offence in the city of New York, and it is ascertained that he is confined in Fort Warren, and a grand jury afterwards attends a circuit or district court in Massachusetts, and terminates its session without finding an indictment: is the prisoner to be thereupon discharged? If so, then his discharge is consequent upon the not finding of an indictment by a grand jury which had no jurisdiction, and could not by possibility have found an indictment; and this discharge may have taken place before any session of a grand jury in New York, which alone had jurisdiction of the alleged offence.

The investigation must be made by the grand jury in New York, and may result either in their finding an indictment or terminating their session without doing so. If they find an indictment, then the prisoner, by virtue of a prior statute, is to be conveyed from Massachusetts to New York for trial. And if the grand jury should terminate its session without finding an indictment, it may be that this statute of 1863, intended that he should, by the judge's order, be conveyed to New York; that it should be there decided whether he is entitled to his discharge, and, if so, upon what terms and conditions. For it is to be observed that the statute provides that "the judge or court before whom such person may be brought, before discharging him or her from imprisonment, shall have power, on examination of the case, and, if the public safety shall require it, shall be required to cause him or her to enter into recognizance, with or without surety, in a sum to be fixed by said judge or court, to keep the peace and be of good behavior towards the United States and its citizens, and from time to time, and at such times as such judge or court may direct, appear before said judge or court to be further dealt with according to law as the circumstances may require. And it shall be the duty of the district attorney of the United States to attend such examination before the judge."

There seems to be good reason why this examination should be had in the district where the prisoner resided previous to his arrest, or where the conduct for which he

was arrested took place. That conduct can be best examined where it took place, where those who have knowledge of it are most likely to be found, and where the district attorney, who is to attend the examination, has previously been charged with the duty of collecting the evidence and presenting it to a grand jury, and where, too, the prisoner is most likely to have friends and the means of explaining the conduct or transaction which is to be investigated.

I repeat that I do not think it necessary to decide or express an opinion whether a judge in the southern district of New York can make the order now prayed for or not. But without attempting to exhaust the subject, I have thought it not improper to suggest some reasons why, if any one can make the order, it must be the judge of that court which the grand jury attended, having the jurisdiction set forth in the second section.

This precludes the necessity of considering the other questions presented on the face of this petition. I would only remark that one of them is whether the prisoner must not be a citizen of a state "in which the administration of the laws has continued unimpaired in the federal courts."